IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ERIC VEAL,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Action No. 5:00-cv-461 (HL) |
| | : | |
| **VICTOR WALKER, Warden**, | : | |
| | : | |
| Respondent. | : | |

_____

# **ORDER**

This matter is before the Court on Petitioner's Motion for Relief from Judgment under Rule 60(b)(4) (doc 26). After consideration of the Motion, the Court denies the same as more fully set forth below.

Petitioner, Eric Veal, initiated this case on October 2, 2000, by filing a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254. The petition was ultimately denied on the merits and final judgment was entered on September 18, 2002. On August 8, 2005, Veal filed the Rule 60(b) Motion at issue here.

Although couched in terms of a Rule 60(b) motion, Veal's Motion is nothing more than another attempt to attack his state conviction and sentence and, as a result, is a second or successive § 2254 motion which is barred by the terms of 28 U.S.C.A. § 2244. Section 2244 provides that a second or successive motion must be certified by a panel of the appropriate court of appeals before such a motion can be considered by the district court. 28 U.S.C.A.

§ 2244(b)(3)(A).  No such certification has been obtained here.

The Supreme Court of the United States recently confirmed that pleadings labeled as Rule 60(b) motions that are in substance successive habeas petitions "should be treated accordingly." Gonzalez v. Crosby, ____ U.S. ____, 125 S. Ct. 2641, 2647 (2005). In Gonzalez, the Court held that not all Rule 60(b) motions are subject to the restrictions of § 2244, but stated, "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction–even claims couched in the language of a true Rule 60(b) motion–circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." Id. at ____, 125 S. Ct. at 2647.

Although couched in the language of Rule 60(b), Veal's Motion is clearly an attempt to relitigate the merits of claims that could have or should have been raised in his first § 2254 motion.  As such, his Motion is not a true Rule 60(b) motion but, instead, is an attempt to circumvent the successive petition requirements of § 2244.  Accordingly, the Motion for Relief from Judgment under Rule 60(b) is hereby denied.

**SO ORDERED**, this the 16th day of August, 2005.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

mls